UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2009 JAN 26  P 1: 48
U.S. DISTRICT COURT
NEW HAVEN, CT

THERESA MAHON,
    Plaintiff,
v.

CITY OF NEW HAVEN,
    Defendant.

Case No. 3:08CV01497(PCD)

## ORDER ON PENDING MOTIONS

Pending are Defendant City of New Haven's Motion to Dismiss dated October 23, 2008 [Doc. No. 9] and Plaintiff Theresa Mahon's Motion for Leave to Amend Complaint dated December 23, 2008. [Doc. No. 17] Defendant's motion is addressed, in its caption, to "Plaintiff's Amended Complaint" but a review of the docket, the pleadings on file electronically and the Notice of Removal pertain only to a Complaint with no reference to an amended complaint until Plaintiff's motion filed December 23, 2008. The complaint cites only the City of New Haven and alleges violations "by and through its police officers," naming only Lieutenant William White, though not as a party, but referring to fifteen unnamed police officers.

The Motion to Dismiss attacks count one of the complaint for failure to allege that the officers' conduct creates liability on the part of the City because it was pursuant to a municipal custom or policy, as required by Monell v. City of New York Dep't of Social Servs., 436 U.S. 658, 689 (1978). The complaint is bereft of that requisite allegation. Though the Motion to Dismiss was filed on October 23, 2008, it was ignored by Plaintiff until December 2, 2008, despite the requirement under Local Rule 7(a) that a response be filed within 21 days absent an extension of time, which Plaintiff had not sought. Plaintiff's Motion for Leave to Amend the Complaint states that it is intended "to clarify her allegations of Federal Civil Rights violations," though she sought to add Lieutenant William White as a named defendant and noted an intention

to name the fifteen other involved officers when they were identified through discovery. She did allege in the Proposed Amended Complaint that the acts allegedly violative of her right to be free of unlawful searches were allowed by the City as a custom and policy contrary to the Fourth and Fourteenth Amendments of the U.S. Constitution. See Proposed Amended Complaint, ¶ 15. Defendant objected to the proposed amendment as untimely, on the basis that it was not filed within the time allowed for amendments by the court's scheduling order of September 29, 2008, which set the deadline for amendments as November 28, 2008, and that Plaintiff made no showing of good cause for the requested late filing. Plaintiff has not thereafter offered to show good cause.

The scheduling of deadlines for case proceedings is intended to process the case reasonably expeditiously in fulfillment of the obligation to resolve the dispute consistent with Defendant's entitlement to be relieved of the claim and Plaintiff's entitlement to redress if found due, in each instance reasonably promptly. Rule 15 of the Federal Rules of Civil Procedure does permit amendments to complaints before receipt of a responsive pleading and on leave of court to be "freely give[n]" "when justice so requires." Rule 15(a)(1) and (2). A plaintiff's entitlement to leave to amend has been construed to require a showing of good cause for the request when made outside the time set in a scheduling order. Grochowski v. Phoenix Construction, 318 F3d 80, 86 (2d Cir. 2003); Winder v. Aetna Corporation, 1999 WL 305427 (D.Conn. 1999). Nonetheless, Plaintiff has offered no explanation for the belated amendment proffer, to say nothing of an offer of some resemblance of good cause. On the forgoing basis, Plaintiff's Motion for Leave to Amend [Doc. No. 17] is **denied** and Defendant's Motion to Dismiss [Doc. No. 9] is **granted**.

However, it is noted that Plaintiff's Motion to Amend came within 3½ months of the

2

filing of the complaint, less than one month after the expiration of the time scheduled for amendments, and two months after the issue of the complaint deficiency was flagged by the Motion to Dismiss. The proffered amendment does, in part, seek to rectify the Monell deficiency, though less than artfully. No other pleadings have been filed. No discovery has been shown to have been undertaken. Though Defendant asserts prejudice if the amendment is allowed, no specific facts supportive of particular prejudice are shown. If dismissed, Plaintiff appears to be able to renew her claim in another action as the statute of limitations does not appear to have expired. In view of the present circumstances of the case, the forgoing Order is entered without prejudice to Plaintiff's renewal of the motion for permission to amend within 20 days hereof to attempt to show good cause for the delay in seeking to amend.

SO ORDERED

Dated at New Haven, Connecticut this 26th day of January, 2009.

/s/ Peter C. Dorsey, SUSDJ
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE