UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THERESA MAHON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:08-CV-1497 (PCD) |
| | : | |
| CITY OF NEW HAVEN, | : | |
|     Defendant. | : | |

## ORDER ON PENDING MOTIONS

On January 26, 2009, the court denied Plaintiff's Motion for Leave to Amend and granted Defendant's Motion to Dismiss. [See Doc. No. 20]  In that order, the court stated, "[T]he foregoing Order is entered without prejudice to Plaintiff's renewal of the motion for permission to amend within 20 days hereof to attempt to show good cause for the delay in seeking to amend." [Doc. No. 20 at 3]  On February 5, 2009, Plaintiff timely filed a Motion for Reconsideration [Doc. No. 22] and a Motion for Leave to Amend the Complaint [Doc. No. 25]. Both motions offer substantially the same assertion of good cause, to wit:

> The good cause for the delay in the seeking of the amendment can be attributed to the fact that the undersigned has been engaged in various trial proceedings in the state Courts continuously since Memorial Day of 2008, and suffered a failure at the hands of his staff, which failed to properly calendar the time for response to the [motion to] dismiss, and failed to inform the undersigned of the need for response.  The undersigned is a sole practitioner, with only one of counsel attorney, and has suffered from staff turnover.

[Doc. No. 23 at 3]  Defendant is correct that the above does not constitute good cause for Plaintiff's failure to respond for several months to the motion to dismiss, nor for Plaintiff's failure to move to amend the complaint within the deadline for doing so set by the scheduling order.  As a sole practitioner, Plaintiff's counsel is responsible for managing his caseload and deciding whether to take new cases such as Plaintiff's in light of his current workload, including his trial schedule.  Furthermore, Plaintiff's counsel's repeated attributions of the failure to his

staff is troubling in light of his ultimate responsibility, as counsel of record, for managing Plaintiff's case.

Plaintiff's counsel notes that "the individual plaintiff was [in] no way responsible for the failings of her counsel's office, and should not be penalized for them." [Doc. No. 23 at 3]  While it is not unreasonable to require Plaintiff to bear the consequences of her retained counsel's actions, the court is sympathetic to the suggestion that Plaintiff's § 1983 civil rights claim should have the opportunity to be decided on the merits, rather than through procedural default because of her lawyer's untimeliness.  Furthermore, permitting the amendment of the complaint is in the interest of judicial economy; otherwise, it appears that Plaintiff would be able to renew her claim in another action, given that the statute of limitations on the § 1983 claim does not appear to have expired.  However, Plaintiff is on notice that the court will not be lenient with respect to future deadlines and procedural matters.

The renewed motion for leave to amend [Doc. No. 25] is **granted**.  Plaintiff shall docket the Amended Complaint, currently docketed as a proposed amended complaint [Doc. No. 26-2], as a separate item on the docket on or before **April 22, 2009.**  The Motion for Reconsideration [Doc. No. 22] is **denied as moot** since the court specifically instructed Plaintiff that the vehicle for seeking to demonstrate good cause for the belated motion to amend was through a renewed motion to amend. [See Doc. No. 20 at 3: "[T]he foregoing Order is entered without prejudice to Plaintiff's renewal of the motion for permission to amend within 20 days hereof to attempt to show good cause for the delay in seeking to amend."]  The Motion to Stay the Scheduling Order Deadlines [Doc. No. 30] is **denied as moot**.  The parties must file a Rule 26(f) report on or before **April 27, 2009.**  The court will set new discovery and dispositive motions deadlines based

on that report. The clerk shall re-open the case.

SO ORDERED.

    Dated at New Haven, Connecticut, this 16th day of April, 2009.

                                                      /s/_____
                                                    Peter C. Dorsey, U.S. District Judge